NEUDECK *v.* HORVATH.

1. ATTORNEY AND CLIENT—CONTINGENT FEE CONTRACT SHOULD BE CAREFULLY SCRUTINIZED.

A contract with attorneys for legal services on a contingent fee basis with a lien on the amount recovered, entered into while the relation of attorney and client existed between the parties, should be carefully scrutinized by the courts, and ought not to be sustained if it appears to have been unfairly made.

2. SAME—CONTRACT ENFORCEABLE WHERE FAIRLY MADE AND FEE REASONABLE.

A contract between attorneys and client for a fee of 40 per cent. of the first $12,000 and 10 per cent. of the remainder of all moneys and property obtained in prospective litigation, with a lien thereon, *held,* valid and enforceable, where, in the making of the contract, the client had able advisers, it was fairly made, and the services contracted for were fully performed, with satisfactory results to the client.

Appeal from Wayne; Webster (Arthur), J. Submitted October 9, 1928. (Docket No. 105, Calendar No. 33,720.) Decided December 4, 1928.

Bill by Philip J. Neudeck and another against Matilda Horvath for a determination of the amount of attorneys' fees for services, and to enforce a lien therefor. From a decree for plaintiffs, defendant appeals. Affirmed.

*Walter J. Dunne* and *George D. O'Brien,* for plaintiffs.

*Race, Haas & Allen* and *Howard Streeter,* for defendant.

On right of attorney to take case on contingent fee, or for certain percentage of amount recovered, see annotation in 27 L. R. A. (N. S.) 634.

McDonald, J.   This bill was filed to secure a determination of the amount of attorneys' fees for services and to enforce a lien therefor on certain land belonging to the defendant.

The suit is based on the following contract:

"This agreement between Matilda Horvath, party of the first part, and Philip J. Neudeck and George D. O'Brien, parties of the second part,

"Witnesseth that, whereas, said party of the first part is without funds to pay for legal services performed and to be performed in her behalf by parties of the second part in the cases of Matilda Horvath *v.* Eugene W. Vasvary, Wayne county circuit court, chancery file No. 104675, and Matilda Horvath *v.* John P. Tacey, Wayne county circuit court, law file No. 107558;

"Whereas, said party of the first part desires to compensate said parties of the second part out of the proceeds of said litigation;

"It is hereby agreed by and between said party of the first part and said parties of the second part, in consideration of said services that said parties of the second part shall receive 40 per cent. of the first $12,000 and 10 per cent. of the remainder of all moneys and property of any kind whatsoever that shall be obtained from said causes of action or from a settlement thereof or from any proceeding in aid of judgment or decree in said actions.

"Said parties of the second part shall have a lien upon all moneys or property received in settlement of said causes of action or recovered by judgment or decree, execution, garnishments or by any other proceeding whatsoever.

"Dated this 11th day of August, 1926.

"MATILDA HORVATH,
"PHILIP J. NEUDECK,
"GEORGE D. O'BRIEN.

"Witnessed by:
ROBERT CRAWFORD."

The legal services contemplated by this contract were fully performed by the plaintiffs. They prosecuted both suits therein mentioned to a successful finish. In the Vasvary case, they obtained for her real estate which the circuit judge found to have a cash valuation of $14,000. In the case against Tacey, they secured a judgment for $20,053, but up to this time nothing has been paid on that judgment. The services rendered were very satisfactory to the defendant, but for some reason not shown by the record she wholly neglected and refused to compensate the plaintiffs for them. They began this suit. On the hearing the circuit judge found that the contract was valid and enforceable, that the plaintiffs had fully performed on their part and were entitled to a lien for $5,000 on the property obtained in the Vasvary suit. The decree entered provided for a foreclosure of the lien in the event that the amount thereof was not paid in a specified time. From this decree the defendant has appealed.

It is contended by the defendant that the contract in question is invalid and unenforceable because it was entered into at a time when the relation of attorney and client existed between the parties. It may be conceded that a contract made under such circumstances should be carefully scrutinized by the courts and ought not to be sustained if it appears to have been unfairly made. The defendant is without business experience and is not very familiar with the English language. But in all of her negotiations with the plaintiffs she was represented by her former husband, Geza Horvath, and one Robert Crawford, both of whom were competent to look after her affairs. Mr. Crawford is president of the Atlas Foundry Company of Detroit and has an extensive business experience. He testified that he repre-

sented the defendant in her dealings with the plaintiffs. He employed them. He suggested with insistence that a written contract be made providing definite fees for their compensation. He knew what the contract contained, was present when it was signed, and advised the defendant to sign it. He thought it was fair, and, in view of all the circumstances, it was fair. On the hearing, the plaintiffs assumed the burden of proving that it was fairly made and that the fees provided for were reasonable. The evidence leaves no doubt of it. The court did not err in so finding. No other questions merit discussion.

The decree of the circuit judge is affirmed, with costs to the plaintiffs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.